UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WAYNE SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE #1, et al.,<br><br>  Defendants. | No. 1:25-cv-00109-KES-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT<br><br>Docs. 15, 16 |

On January 27, 2025, plaintiff filed this civil rights action, along with a motion to proceed in forma pauperis. Docs. 1, 2. On January 29, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to proceed in forma pauperis be denied. Doc. 8. The magistrate judge found that plaintiff had sufficient funds in his trust account to pay the $405.00 filing fee for this action. *Id.* The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty days following service. *Id.* On February 7, 2025, plaintiff filed a notice indicating that he intended to pay the filing fee. Doc. 9. Plaintiff filed another motion to proceed in forma pauperis on February 21, 2025. Doc. 10. This second application showed he had the sum of $3,687.76 in his trust account as of January 30, 2025, and had an average monthly balance of $5,466.14 in his trust account for the six months prior to that date. *Id.* at 2. Notwithstanding plaintiff's filing

1

indicating his intent to pay the filing fee (Doc. 9), the Court never received such payment. *See* docket.

The findings and recommendations were adopted in full on March 7, 2025 and plaintiff was directed to pay the filing fee in full within thirty days. Doc. 11. The Court warned plaintiff that failure to do so would result in the dismissal of the action without prejudice. *Id.* at 2. Plaintiff did not pay the filing fee and the Court dismissed the action without prejudice on April 21, 2025. Doc. 13. Judgment was entered the same day. *Id.* On May 2, 2025, plaintiff's motion to amend the judgment was docketed (Doc. 15) followed by a further response on June 4, 2025 (Doc. 16).

Relief from an order issuing a final judgment may be granted under Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g.*, *Langley v. Well Path Med.*, No. 2:19-cv-01022-TLN-DMC, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020). If a motion for such relief is filed within the time provided for by Rule 59(e), it should be considered as a motion to alter or amend judgment pursuant to Rule 59(e).[1] *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 888-89 (9th Cir. 2001). Otherwise, the motion is treated as a Rule 60(b) motion for relief from a judgment or order. *Id.* Additionally, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

The mailbox rule provides that plaintiff's motion shall be deemed filed on the date he signed and delivered it to prison authorities for forwarding to the court clerk. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (mailbox rule applies to § 1983 suits filed by pro se prisoners). Plaintiff's motion for relief is labeled as a request to amend the judgment and he signed and dated it on April 28, 2025, which is within 28 days of the entry of judgment on April 21, 2025. Thus, plaintiff's motion for relief will be considered under Rule 59(e).

"Since specific grounds for a motion to amend or alter are not listed in [Rule 59(e)], the

---

[1] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

1  district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co.*
2  *v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Generally, there are "four basic grounds upon
3  which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest
4  errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present
5  newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent
6  manifest injustice; or (4) if the amendment is justified by an intervening change in controlling
7  law." *Id.*  A motion for reconsideration under Rule 59(e) is an "extraordinary remedy, to be used
8  sparingly." *Id.*

9  In his May 2, 2025 filing, plaintiff does not identify any basis sufficient to grant relief
10  under Rule 59(e), and his filing is unclear and disjointed.  *See generally* Doc. 15.  Nor has he paid
11  the mandatory filing fee to permit the action to move forward.  In his subsequent filing in support
12  of his motion, plaintiff contends that prison staff is destroying documents, but he fails to explain
13  why he is unable to pay the filing fee when the record reflects that he has sufficient funds to do
14  so.  *See generally* Docs. 6, 10, 16.  He also provides a copy of an administrative segregation unit
15  placement notice from 2010 in which he was placed in administrative segregation for his own
16  safety after other inmates attacked him.  *Id.* at 3.  However, an incident from 2010 is not relevant
17  to the mandatory requirement that plaintiff pay the filing fee.

18  As plaintiff did not pay the filing fee despite having had sufficient funds to do so, and as
19  plaintiff has not identified a basis for relief under Rule 59(e), plaintiff's motion to amend the
20  judgment is DENIED.

22  IT IS SO ORDERED.

23  Dated:   June 23, 2025
                                                  _____
                                                  UNITED STATES DISTRICT JUDGE